COLUMBIA COUNTY *v.* ROWE.

Opinion delivered January 26, 1914.

COUNTY OFFICERS—FEES—EXPENSES.—Under Kirby's Digest, § 1458, traveling expenses, and expenses incurred in the purchase of postage stamps can not be charged by the assessor against the county, and the act of 1907, pp. 952-955, placing the officers of Columbia county on salaries, does not enlarge or vary the general law on that subject.

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

*Stevens & Stevens,* for appellant.

1. "Other necessary incidental expenses" in the Acts 1907, page 951, § § 6-14, does not include stamps or traveling expenses. No constructive fees are allowable.

Only fees, costs, etc., specially allowed by statute are chargeable to the county. 57 Ark. 491; 32 *Id.* 445; 103 Ark. 610; Kirby's Dig., § 1458; 47 Ark. 442. "Stamps" were allowed before the passage of section 1458, Kirby's Dig. (32 Ark. 54), but not since.

*J. E. Hawkins* and *W. H. Askew,* for appellee.

The items are a valid charge against the county. Acts 1907, 951, § § 9-14; 32 Ark. 54. Kirby's Dig., § 1458, is inoperative since the act of 1907. "All other necessary expenses" includes these items. 11 Cyc. 434; 108 S. W. 848.

McCulloch, C. J. This case involves the construction of a special statute placing the officers of Columbia County on salaries and prescribing the amounts of salaries of the respective officers. The sections of the statute which bear upon this controversy read as follows:

"Section 6. That out of the fees and emoluments of his office, the assessor shall be entitled to have and receive as his salary seven hundred, fifty dollars per annum; *provided,* the said fees and emoluments amount to seven hundred and fifty dollars, and *provided, further,* that he shall be entitled to have and receive the same penalty on delinquents as is now allowed by law in addition to his salary."

"Section 14. That the county judge shall furnish salaried officers of Columbia County with such records and other stationery necessary for the proper conduct of their respective offices, and shall order the same, together with other necessary incidental expenses, to be paid out of the county funds appropriated for county purposes." Acts 1907, pages 952 and 955.

Appellee was tax assessor of Columbia County, and presented to the county court for allowance an expense account as follows:

"To 26 days for horse and buggy, $2 per day.... $52.00
"Stamps ...................................... 4.15

"Total ...................................... $56.15"

The county court refused to allow either of the items, but on appeal to the circuit court the whole account was allowed, and the county has prosecuted an appeal to this court.

A general statute of this State provides that "the county court is hereby prohibited from auditing and allowing to any officer any fee or allowance not specifically allowed such officer by law." Kirby's Digest, § 1458.

That statute is in nowise affected or repealed by the special act fixing the salaries of officers of Columbia County. Our interpretation of section 14 of the special act is that it does not enlarge the class of expenses chargeable against the county for county officers beyond the precise language of the statute, namely, the expense of "such records and other stationery necessary for the proper conduct of their respective offices."

Whether other expenses authorized by specific provisions of other statutes are chargeable against the county, we need not decide; nor do we think that the subsequent language of section 14 enlarges the class of items chargeable against the county. The words "other necessary incidental expenses, to be paid out of the county funds," do not constitute a provision for the payment of all necessary incidental expenses of the various county officers, but only specify the fund out of which the expenses of furnishing "such records and other stationery" are to be paid.

There is no authority in this, or any other, statute to charge against the county the traveling expenses of the assessor in making his rounds over the county. That is a part of his personal expenses in discharging the duties of his office, and is not chargeable against the county.

Neither is the expense of stamps a proper charge against the county.

It is true that this court said, in the case of *Cole v. White County*, 32 Ark. 45, that postage stamps "may properly be considered as stationery." But that was said in a case involving a claim of the county clerk, and

it arose prior to the passage of section 1458 of Kirby's Digest.  The whole of the sentence referred to reads as follows: "Postage stamps are often necessary in the discharge of the duties of the clerk's office, and may properly be considered as stationery, and Cole swears he used the amount charged in the business of his office, and the county court allowed therefor.  We think it a valid charge against the county."

County clerks are required to perform duties which involve mailing out printed matter to other county officers, and, prior to the general statute prohibiting the allowance of any charge against the county not specifically authorized by law, there was reason for classifying postage stamps as a proper charge against the county. Such a charge is not allowable under the statutes as they now stand, and especially in a case of an assessor, who is not required to discharge any duty which involves the use of the mails.  All that he may be called upon to do in that regard is merely as an accommodation to others.

Our conclusion is that neither of the charges embraced in the account should be allowed against the county, and the circuit court erred in its decision.  The judgment is therefore reversed and the claim dismissed.